PETTIGREW, J.,
DISSENTS, AND ASSIGNS REASONS.
hi must respectfully dissent from the majority for the following reasons.
I do not agree with the majority’s reliance on Southern Framers because this case is distinguishable from that case in the significant fact upon which that holding was based: in Framers, the hospital (like LRMC)—the party with the authority to seek administrative review—had done just that, thus, rendering the claim with OWC premature. As stated by the majority, in our case, LRMC, the party with the authority to seek administrative review, did not seek administrative review.
The timeline in this matter is as follows:
On September 29, 2015, LRMC provided an outpatient umbilical hernia surgery to the employee.
On October 3, 2015, LRMC sends bill to Nestle Holdings for $70,707.27.
On November 25, 2015, Sedgwick CMS, Inc. (third party administrator for Nestle Holdings) sent $7,540.87 along with letter disputing balance of bill to LRMC.
On December 23, 2015, Nestle Holdings filed a disputed claim controverting bill from LRMC.
The hearing on the exceptions filed by LRMC was heard by the OWC hearing officer on June 24, 2016. LRMC argued prematurity based upon its authority and right to file for administrative review pursuant to Louisiana Administrative Code Title 40, Part I, § 5149. That provision provides certain delays within which the healthcare provider may initiate the administrative review. At the time Nestle Holdings filed its disputed claim on December 23, 2015, the deadlines for said administrative review had not lapsed, and this claim was, and I concede, premature at that time. However, by |2June 24, 2016, the date of the OWC hearing, the deadlines for LRMC to file for administrative review had lapsed. I would therefore have denied LRMC’s exception of prematurity. I also believe the majority should address the exception of no cause of action.